UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA

In Re

KENNETH MARK EDDINS                                    Case No. 05-10257

    Debtor

COLUMBUS BANK AND TRUST
COMPANY d/b/a SYNOVUS
LEASING COMPANY

    Plaintiff

v.                                                     Adv. No. 05-01054

KENNETH MARK EDDINS

    Defendant

**ORDER AND JUDGMENT GRANTING PLAINTIFF'S MOTION FOR JUDGMENT AS A MATTER OF LAW AND AWARDING PLAINTIFF A NONDISCHARGEABLE JUDGMENT OF $208,627.45 AGAINST DEFENDANT**

    Richard Gaal, Mobile, AL, Counsel for Plaintiff
    James Orr, Mobile, AL, Counsel for Defendant

This case is before the court on the motion of Columbus Bank and Trust Company (or Synovus) for a judgment as a matter of law in this adversary proceeding declaring that an Order and Judgment dated September 8, 2003, should be enforced and/or renewed and holding that the money judgment awarded in that case is nondischargeable in this case. This court has jurisdiction to hear this case pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference of the District Court. This case is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and the

1

Case 05-01054    Doc 10    Filed 09/29/05    Entered 09/29/05 14:36:14    Desc Main
Document    Page 1 of 8

court has the authority to enter a final order. For the reasons indicated below, the court is granting the motion of Synovus for a judgment declaring that Synovus's money judgment against the debtor is nondischargeable on res judicata grounds and the court is granting a judgment to plaintiff based upon the prior case's judgment.

FACTS

The parties are in agreement as to the facts at issue in this case. It is the law that is in dispute. Kenneth Eddins filed a prior chapter 7 case on June 6, 2000. He received his discharge on February 21, 2002. After the discharge, Synovus filed a adversary proceeding against Eddins seeking (1) to have Eddins discharge revoked pursuant to 11 U.S.C. 727(d)(2); and (2) seeking a judgment against Eddins for breach of contract and/or fraudulent transfer. On September 8, 2003, Judge William Shulman entered an order revoking the discharge of Eddins pursuant to 11 U.S.C. 727(d)(2) and entering a judgment against him in favor of Synovus in the amount of $208,627.45. The money judgment was entered against the debtor solely on the breach of contract and part of the fraudulent transfer counts of the complaint.

The court stated, as to the revocation of discharge issue:

Having considered all of the facts in this case, the Court finds that Eddins' attempt to hide his acquisition of and entitlement to profits and proceeds of estate property and other property of the estate was done deliberately, knowingly, and fraudulently. . . The Court finds that Eddins engaged in deception to conceal assets that he acquired or became entitled to as evidenced by [multiple assets] . . . which would have increased the value of estate property. The Court observed the demeanor of Mr. Eddins at trial and found his testimony to lack credibility. His testimony is inconsistent with his prior testimony at the Section 341 hearing and at his deposition, and much of his self-serving statements do not ring true. . . Eddins' interest in the profits and proceeds of [one company]. . . had value that the estate would have been entitled to. He personally received funds that the

2

Case 05-01054    Doc 10    Filed 09/29/05    Entered 09/29/05 14:36:14    Desc Main
Document      Page 2 of 8

estate would have been entitled to. The Court finds that such dishonesty should not be rewarded with a discharge, but should result in a revocation of his discharge pursuant to § 727(d)(2).

The court also stated that "Eddins intended to defraud Synovus by seeking to transfer all of his assets to Mrs. Eddins in their divorce agreement."

On January 17, 2005, Eddins filed another chapter 7 case. In his schedules, Eddins asserts that Synovus and Columbus Bank and Trust Company are unsecured creditors of his with claims in the amount of $1.00 each.

LAW

The issue presented in this adversary case is what effect should be given to Judge Shulman's order of September 8, 2003 in this bankruptcy case. Synovus asserts that the judgment is binding as, in essence, an order of nondischargeability of its judgment award of $208,627.45 in this case. Eddins asserts that the debt is fully dischargeable in this chapter 7 bankruptcy case and Eddins' discharge should be granted in this case for this debt and all other debts listed in the prior case.

Synovus relies on the doctrine of res judicata for its assertion that the September 8, 2003 order is binding in this case. Once a bankruptcy judge has determined that a debtor's discharge should be denied or revoked as to all creditors, that order "forever precludes issues which it determines, and therefore precludes subsequent re-litigation of such issues." *Royal American Oil and Gas Co. v. Szafranski (In re Szafranski),* 147 B.R. 976, 983 (Bankr. N.D. Okl. 1992). Res judicata "is a rule of reason, justice and policy, intended to prevent harassment and promote judicial economy, by limiting parties to one fair trial on, and one adequate determination of the merits of, a dispute." *Id.*

3

The debtor asserts a statutory defense. He relies on the plain meaning of the statutes that he asserts deal with this issue in the Bankruptcy Code. Section 523(a)(10) states:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
>
> * * * * *
>
> (1) that was or could have been listed or scheduled by the debtor in a prior case concerning the debtor under this title or under the Bankruptcy Act in which the debtor waived discharged, or was denied a discharge under section 727(a)(2), (3), (4), (5), (6), or (7) of this title, or under section 14c(1), (2), (3), (4), (6), or (7) of such Act.

Section 523(b) states:

> Notwithstanding subsection (a) of this section, a debt that was excepted from discharge under subsection (a)(1), (a)(3), or (a)(8) of this section, under section 17a(1), 17a(3), or 17a(5) of the Bankruptcy Act, under section 439A of the Higher Education Act of 1965, or under section 733(g) of the Public Health Service Act in a prior case concerning the debtor under this title, or under the Bankruptcy Act, is dischargeable in a case under this title unless, by the terms of subsection (a) of this section, such debt is not dischargeable in the case under this title.

Eddins argues that § 523(a)(10) states that when a debtor's discharge is denied pursuant to § 727(a), the debts included in that bankruptcy case cannot be discharged by a subsequent bankruptcy due to the plain language of § 523(a)(10). However, § 523(a)(10) does not state that debts included in a bankruptcy case in which the discharge was revoked under § 727(d) are similarly nondischargeable in a new case. Therefore, relying on the plain meaning of the statute, Eddins concludes that his discharge of Synovus' debt in this case is allowable. Eddins believes that his position is not inconsistent with § 523(b) which also deals with the dischargeability of debts not discharged in a prior case. It deals solely with debts declared nondischargeable in a § 523 proceeding. Section 523(b) does not apply to Eddins' situation because Eddins' debt was declared nondischargeable based upon § 727(d). However Eddins argues that § 523(b) shows

4

that the Bankruptcy Code does allow some debts that are nondischargeable in one case to be discharged in a subsequent case, if the circumstances change. By analogy, Eddins believes that his situation has changed since the first bankruptcy and, therefore, the revocation of the discharge should not bar a subsequent discharge of the Synovus' debt.

The court concludes that Synovus' position is the correct one. Even if § 532(a)(10) does not cover a revocation of discharge under § 727(d), and the court concludes it does not, the doctrine of res judicata does cover the situation. A revocation of the discharge places the case in the same posture as if a denial of discharge had occurred. As to the debts in the case, there is no discharge. Therefore, the result should be the same. Once a debt is nondischargeable, because of a denial of discharge of all debts (§ 727) or a denial of discharge of one debt (§ 523), except in the limited circumstances of § 523(b), the debt is forever nondischargeable.

One of the cases cited by the parties is exactly like this case. It is *Pope v. Housler (In re Housler),* 41 B.R. 455 (W.D. Pa. 1984). The debtor, Housler, had her discharge revoked in her first case for fraudulent concealment and transfer of an asset. When she filed a second case, the trustee sought to dismiss the case due to Housler's ineligibility to obtain a discharge. All of her debts were identical to those in the prior case. The trustee alleged that res judicata prevented a discharge in the second case. The Court relied on a prior case, *Hairston*, discussed below, for its holding that the case should be dismissed on res judicata grounds. The Court did not discuss the fact that the *Hairston* case was decided under the Bankruptcy Act of 1898 and not under the Bankruptcy Code.

*Francis v. Hairston (In re Hairston)*, 3 B.R. 436 (Bankr. D.N.M. 1980) was a Bankruptcy Act case. It also involved a fact pattern exactly like this case--a new case following a

5

revoked discharge. However, the law under the Bankruptcy Act was different. A discharge was revoked only for acts that occurred after the discharge was granted. *Id.* at 438. Hairston had refused to comply with orders of the court which resulted in the revocation. In this case, Eddins actions were transfers of estate property before, during and perhaps after discharge.

The court concludes, as did the *Housler* court, that the reasoning is the same under the Bankruptcy Act and the Bankruptcy Code. "The result then in either revocation or denial of discharge is obviously that the bankrupt does not receive a discharge." *Hairston,* 3 B.R. at 438. In *Hairston,* the court reasoned that an order denying or revoking a discharge is applicable to the second case on res judicata grounds and no debt included in the first bankruptcy will be dischargeable in the second. *Id.* at 437-38.

The Hairston and Housler cases did not fully explain their res judicata rationale. In two cases whose facts are different than this case, the res judicata theory is more completely set out. Even though the facts of the cases are not similar, the legal theory is still valid.

> The rule is that res judicata principles apply in bankruptcy so that once a debt is "excepted from discharge" in a judgment that meets the requirements for preclusion, it is, except for the eight exceptions named in § 523(b), "excepted from discharge" in all subsequent chapter 7 cases without need for an independent basis for excepting the debt from discharge in the later case. . . This is a straightforward recognition that principles of claim and issue preclusion apply in dischargeability matters.
> *Paine v. Griffin (In re Paine)*, 283 B.R. 33, 37 (B.A.P. 9th Cir. 2002).
>
> Res judicata is a judge-made rule, whereby a judgment forever concludes issues which it determines, and therefore precludes subsequent re-litigation of such issues. It is a rule of reason, justice and policy, intended to prevent harassment and promote judicial economy, by limiting parties to one fair trial on, and one adequate determination of the merits of, a dispute. *See generally* 1B MOORE'S FEDERAL PRACTICE (2d ed. 1992) ¶ 0.405; 46 AM. JUR. 2d (1969) "Judgments" § § 394 *et seq*. It "reflects the refusal of law to tolerate needless litigation"—and "litigation is needless if, by fair process, a controversy has once gone through the

6

courts to conclusion." *Angel v. Bullington*, 330 U.S. 183, 192-93, 67 S.Ct. 657, 662, (1 L.Ed. 832, 838-39 (1947). If the rule is to serve its purpose, it should be applied so as to override other considerations. *Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 401, 101 S.Ct. 2424, 2429, 69 L.Ed.2d 103, 110-11 (1981). *Szafranski*, 147 B.R. at 983.

Although these cases speak of the rationale behind § 523(b), they state the proposition generally as well that a final judgment in a bankruptcy case, as to the status of a creditor's debt vis a vis the debtor's discharge, will not be disturbed or changed by a later bankruptcy case of the debtor. A new bankruptcy case is, in essence, a late attempt to reconsider a prior ruling. Under res judicata principles, such an action is not acceptable, at least not outside the first case.[1]

The court concludes that a revocation of discharge judgment puts a debtor in the position he would have been in if his judgment had been denied predischarge. The same res judicata effect of a § 727(a) ruling should apply in a § 727(d) ruling. The posture, at the end of the bankruptcy case is exactly the same. There is no need for a statute to declare that this is the result. The doctrine of res judicata suffices.

Therefore, Synovus' debt, by virtue of the § 727(d) ruling, was not discharged in the 2002 case of Eddins. The nondischargeability of the debt will not be revisited in this second case. As a matter of law, based upon res judicata principles, Eddins' debt of $208,627.45 to Columbus Bank and Trust Company d/b/a Synovus Leasing Company is nondischargeable.

IT IS ORDERED that

1. The motion of the plaintiff, Columbus Bank and Trust Company d/b/a Synovus Leasing Company is GRANTED.

2. Columbus Bank and Trust Company d/b/a Synovus Leasing Company is awarded

---

[1] In other words, if the debtor had proper grounds, a motion pursuant to Fed. R. Bankr. P. 9024 in the first case might be appropriate.

a judgment of $208,627.45 against Kenneth Mark Eddins and said debt is nondischargeable in this bankruptcy case, due to the prior judgment of September 8, 2003, entered against the Kenneth Mark Eddins in Adv. Case No 02-01059.

Dated:   September 29, 2005

/s/ Margaret A. Mahoney
MARGARET A. MAHONEY
U.S. BANKRUPTCY JUDGE

8